No. 31,401

T. J. DEVAULT, *Appellee*, v. THE WESTERN GRAIN DEALERS MUTUAL FIRE INSURANCE COMPANY, *Appellant.*

(28 P. 2d 735.)

Opinion filed January 27, 1934.

*R. L. Hamilton* and *Max L. Hamilton*, both of Beloit, for the appellant.
*Ralph H. Noah*, of Beloit, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover on a fire-insurance policy. Plaintiff prevailed, and defendant appeals.

The policy covered a dwelling house in Beloit. On the night of September 10, 1931, it was much damaged by fire. The next forenoon defendant's local agent, E. W. Reiter, notified defendant of the fire, and that the estimated loss was $1,500. On December 12 defendant wrote Reiter that it had written and wired the Universal Adjustment and Automobile Fire Casualty Inspection Company, of Salina, to give the matter immediate attention, and had requested the adjuster to see Reiter before making adjustment. Subsequently, H. S. Wright, H. W. Tharp, and another, representatives of the adjustment company, proceeded to Beloit, made an examination of the building, and negotiated with plaintiff for settlement of loss. Carpenters prepared estimates, and various propositions of settlement were considered—to rebuild the house, to take it down and build a new house, and to pay money. In the course of the negotiations the subject of proof of loss was mentioned, and Wright said he needed no additional proof of loss. Wright finally said plaintiff's figures were too high, and said, "We will make settlement, and we will pay $1,500."

The policy required proof of loss giving specified information. The petition pleaded proof of loss. When it appeared defendant had merely been notified of loss, plaintiff asked leave to amend to show waiver of proof of loss. The amendment was allowed, and defendant complains. The amendment substituted one allegation for another according to the facts, and was manifestly proper.

There is no dispute the Salina company was defendant's adjuster, and that Wright and his associates represented the Salina company. The weight of authority is that an adjuster has apparent authority to waive proof of loss. (26 C. J. 394.) In this instance defendant said the Salina company had been asked to give the loss referred to in Reiter's telegram immediate attention. No limitation on the adjuster's authority in attending to that fire loss was indicated. Wright and his associates came on the scene as agents of defendant, held out as having authority to do whatever the company could do with respect to the subject of loss. By conduct and conversation they endeavored to make speedy and conclusive adjustment of the

loss, and in the progress of the negotiation Wright said he did not need any additional proof of loss.

The waiver was a parol waiver. The policy contained a provision to the effect that nobody representing the defendant could waive any term of the policy unless the waiver were indorsed on or were attached to the policy. It is familiar law in this state that an insurance company may not so restrict its own capacity for future action, and the weight of authority is that an agent having authority or apparent authority may waive proof of loss by parol, notwithstanding the policy provision. (26 C. J. 395.) The question of waiver was well presented to the jury by the instructions, and no substantial error was committed by the court in dealing with any phase of the subject.

Defendant amended its answer "to conform to the proof" by alleging that, subsequent to delivery of the policy, plaintiff gave a real-estate mortgage on the house, in violation of the terms of the policy. There was testimony the instrument was without consideration, was used solely for plaintiff's own private purposes, created no obligation or lien in favor of anybody, and, in fact, was not a mortgage. The matter was properly submitted to the jury, the jury believed the testimony, and found for plaintiff.

A defense that the fire was of incendiary origin was so lacking in merit that the court properly withdrew it from the jury.

There are numerous complaints of the proceedings which have not been referred to. They have all been considered. No error was committed which affected the substantial rights of defendant, and the judgment of the district court is affirmed.

HUTCHISON, J., not sitting.